UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

WAYNE EVANS,

Movant,

v. Case No. CV613-005 CR610-029

UNITED STATES OF AMERICA,

Respondent.

# REPORT AND RECOMMENDATION

Convicted of gun charges by a jury,[1] Wayne Evans moves for 28 U.S.C. § 2255 relief. Doc. 132.[2] He raised a variety of trial-error claims on his unsuccessful appeal, *Evans*, 2012 WL 5477524 at 1-3, and raises new claims now. His § 2255 motion must be summarily dismissed under Rule 4(b), Rules Governing Section 2255 Proceedings ("If it plainly

[1] The "jury found him guilty of conspiracy to commit theft from a federal firearms licensee, in violation of 18 U.S.C. § 371; theft of firearms, in violation of 18 U.S.C. § 922(l); theft from a federal firearms licensee, in violation of 18 U.S.C. § 922(u); receipt of stolen firearms, in violation of 18 U.S.C. § 922(j); possession of firearms and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1); and transportation of stolen firearms, in violation of 18 U.S.C. § 922(I)." *United States v. Evans*, 2012 WL 5477524 at * 1 (11th Cir. Nov. 13, 2012).

[2] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

On appeal Evans contended "that the district court abused its discretion and violated his constitutional right to counsel when it denied his pre-trial motions for substitute counsel and his attorney's pre-trial motion to withdraw." 2012 WL 5477524 at * 1. He also "argue[d] that the district court abused its discretion in denying his motion for a continuance of trial. . . ." *Id.* "Finally, [he] argue[d] that the district court abused its discretion when it refused to conduct a Rule 11 plea colloquy after denying his motion for a continuance, thereby violating his 'statutory right to plead guilty.'" *Id.* at * 3. All those claims were rejected by the Eleventh Circuit.

Here he argues that the Court erred (to Evans, this means it lacked jurisdiction to convict -- a frivolous contention[3]) on count one because

[3] Section 2255 authorizes post-conviction relief in four limited instances: if the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack. 28 U.S.C. § 2255. Movants like Evans are thus restricted on what claims they can litigate under § 2255, and many are barred by the procedural default doctrine further explained in Part I(B) *infra.*

that count charged him with a multiple object conspiracy in violation of 18 U.S.C. § 371. Doc. 132 at 4, 14. In Ground Two he insists that "Counts 2, 3, 4 and 6 of the indictment must be vacated due to erroneous jury instructions. *Id.* at 5. In Ground Three he contends that his conviction and sentence imposed under Count 5 of his indictment must be vacated because of a "fictitious conspiracy charge" contained in other counts. *Id.* at 7. In Ground Four he complains that the trial court failed to instruct the jury to return a unanimous verdict. *Id.* at 8.

Evans also raises -- in Ground Five -- ineffective assistance of counsel (IAC) claims. Both his "[t]rial and appellate counsel were ineffective," he says, "for allowing the defendant to appear in front of the jury in prison clothes during *voir dire* and allowed the petitioner to go to trial on a constitutionally defective indictment. Trial counsel [also] was prejudicially ineffective for failing to object and failure to file objections to the denials of a request for new counsel." *Id.* at 15.

---

Since jurisdictional claims are not subject to procedural default, *Besser v. United States*, 2013 WL 308951 at *18 (W.D. Mich. Jan. 25, 2013), it is no surprise that § 2255 movants baselessly inject the "no jurisdiction" conclusion into their claims.

In Ground Six Evans contends that the [t]rial court erroneously confused the elements of the crimes charged in the indictment." That is, the trial court, "in its instructions confused the elements of the crimes charged and subsequently entered an erroneous conviction." *Id.* at 15. Finally, he argues (Ground Seven) that his "conviction and sentence imposed under Count Two, the theft of firearms charge, must be vacated and set aside because theft of a firearm is not a crime. Theft of a federally insured firearms licensee is a federal crime and that charge was made in Count Three." *Id.*

## I. ANALYSIS

The Court rejects claims one, two, three, four, and six as procedurally defaulted. Claims that should have been raised on direct appeal can be procedurally defaulted and thus barred:

> A federal criminal defendant who fails to preserve a claim by objecting at trial or raising it on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by showing cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error. A defendant may also show a fundamental miscarriage of justice to overcome the procedural bar by demonstrating actual innocence.

*Rivers v. United States*, 476 F. App'x 848, 849 (11th Cir. 2012) (quotes and cites omitted). Federal habeas courts are authorized to apply the procedural default defense *sua sponte*. *Acosta v. Artuz*, 221 F.3d 117, 123 (2nd Cir. 2000) ("[T]he authority to raise [ ] procedural defenses *sua sponte* is consistent with the authority provided to the district courts in 2254 Habeas Rule 4 and 2255 Habeas Rule 4(b)."); *Garcia-Flores v. United States*, 2012 WL 6045916 at *2 (S.D. Ala. Sep. 7, 2012); *Harrison v. United States*, 2012 WL 2878861 at * 4 (M.D. Ga. Apr. 19, 2012).

Evans has shown neither cause nor prejudice for failing to litigate those claims on direct appeal. And he does not claim that his lawyer was ineffective in failing to raise them. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) (ineffective assistance of counsel is "cause" for a procedural default). Nor does he offer any new evidence establishing his actual innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2007) (actual innocence provides an "exceedingly narrow" exception to the procedural default doctrine, requiring a movant to present "new reliable evidence" establishing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.").

Movant's standalone, ineffective assistance of counsel (IAC) claims (Ground Five) are not procedurally defaulted,[4] but nevertheless fail. For ineffective assistance of counsel to provide a basis for federal habeas relief, movant must satisfy the two-part test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He must show both that his counsel's performance was deficient and that it prejudiced his defense. *Id.* To show prejudice, he need only demonstrate a reasonable probability that the result of the proceeding would have been different absent the error. *Id.* at 694. A reasonable probability in this context is "a probability sufficient to undermine confidence in the outcome." *Id.* "Surmounting *Strickland* 's high bar is never an easy task." *Padilla v. Kentucky*, ___ U.S. ___, 130 S. Ct. 1473, 1485 (2010).

The first IAC claim, relating to his wearing prison clothes during the voir dire, is conclusory.[5] It is his burden to plead and show "a

---

[4] "One claim that may appropriately be raised for the first time in a § 2255 motion, 'whether or not the petitioner could have raised the claim on direct appeal,' is ineffective assistance of counsel. *Massaro v. United States*, 538 U.S. 500, 504, 509, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003)." *Harrington v. United States*, 689 F.3d 124, 129 (2nd Cir. 2012).

[5] *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)); *see also United States v. Laetividal-*

reasonable probability that a jury would have found him not guilty but for the fact that he appeared at trial in prison attire." *Carter v. United States*, 288 F. App'x 648, 650 (11th Cir. 2008) (defendant convicted of bank robbery and possessing ammunition as felon did not experience ineffective assistance via counsel's allegedly allowing defendant to go to trial dressed in prison garb; evidence against him was so strong that there was no reasonable probability that jury would have found him not guilty but for fact that he appeared at trial in prison garb). He has not met this burden.

Evans' second IAC claim, that counsel failed to object to the trial court's denial of a request for new counsel,[6] likewise fails as conclusory. He does not even begin to allege what difference a replacement lawyer would have made. Movant's final IAC claim is that his lawyer failed to block his procession to trial on a "constitutionally defective indictment."

---

*Gonzalez*, 939 F.2d 1455, 1465 (11th Cir. 1991) (no hearing required where movant's allegations fail to satisfy the prejudice prong of the *Strickland v. Washington*, 466 U.S. 668 (1984) ineffective assistance of counsel test); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations).

[6] The *Evans* panel did not review this because Evans (hence, his trial counsel) failed to object to the Magistrate Judge's adverse ruling. 2012 WL 5477524 at * 1.

Doc. 132 at 15. This likewise fails as conclusory. Evans does not even bother, for example, to show how or why the indictment is constitutionally invalid.

Finally, Evans argues (Ground Seven) that his "conviction and sentence imposed under Count Two, the theft of firearms charge, must be vacated and set aside because theft of a firearm is not a crime. Theft of a federally insured firearms licensee is a federal crime and that charge was made in Count Three." *Id.* This claim as facially frivolous. Evans is attempting to exploit another end-run around the procedural default bar -- if something is not a crime then there is no jurisdiction. *United States v. DeVaughn*, 694 F.3d 1141, 1146 (10th Cir. 2012). Such challenges to § 922 have been repeatedly addressed and rejected by the courts. *United States v. Sarraj*, 665 F.3d 916, 919 (7th Cir. 2012) (collecting cases). And his assertion that "[t]heft of a federally insured firearms licensee is a federal crime and that charge was made in Count Three" is a statement, not a reason.

## II. CONCLUSION

Accordingly, Wayne Evans' 28 U.S.C. § 2255 motion (doc. 1) should

be **DENIED**. Applying the Certificate of Appealability (COA) standards, as set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 13th day of February, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA