UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WAYNE EVANS,

Petitioner,

v.                           6:13-cv-5

UNITED STATES OF AMERICA,

Respondent.

## ORDER

Before the Court is Wayne Evans's Notice of Appeal, ECF No. 11, which the Court construes as a motion for certificate of appealability ("COA"). *See Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997). Evans's appeal, however, raises no COA-worthy issues. His motion is **DENIED**.

"Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA . . . ." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *see* 28 U.S.C. § 2253(c). The Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336; *see also* 28 U.S.C. § 2253(c)(2). Petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal quotations omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Evans filed a 28 U.S.C. § 2255 petition earlier this year asserting seven grounds for relief. ECF No. 2 at 2-4. The Magistrate Judge recommended dismissing grounds 1, 2, 3, 4, and 6 as procedurally defaulted by Evans's failure to raise them on direct appeal. *Id.* at 4. The Magistrate addressed grounds 5 and 7 on the merits, ultimately recommending dismissal of those as well. *Id.* at 6-8. The Magistrate "discern[ed] no COA-worthy issues" and recommended that "no COA should issue." *Id.* at 9. Evans filed an objection wherein he failed to adequately address the deficiencies identified by the Magistrate, but instead, aired fruitless ramblings and pointed barbs directed toward the Magistrate's intelligence and integrity. *See* ECF No. 4. This Court adopted the Magistrate's Report and Recommendation as the opinion of the Court. ECF No. 6.

Whether or not Evans's cathartic exercise remedied any frustration felt by him, it did not remedy any of the legal deficiencies of his claim. That claim remains deficient for the reasons stated by the Magistrate and adopted by the Court. Moreover, any argument that the Court erred in denying Evans's motion for relief from a final judgment based on receiving bad legal advice from a fellow

inmate is patently frivolous. *See* ECF Nos. 8; 10. None of these points are legally or factually debatable.

Accordingly, Defendant's motion for COA, ECF No. 11, is **DENIED**.

This 8 day of May, 2013.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA